# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES G. WEIMER,

        Plaintiff,

v.                                                                                         No. CIV 03-768 MCA/LFG

BHP MINERALS INTERNATIONAL,
INC., d/b/a BHP BILLITON, and SAN
JUAN COAL COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff James G. Weimer's ("Weimer's") Motion to Compel Discovery [Doc. No. 25], filed March 15, 2004. This matter is fully briefed [Doc. Nos. 26, 27, and 28], and there is no need for oral argument. After carefully considering argument by counsel and the pertinent law, the Court concludes that Weimer's motion should be granted in part and denied in part as set out more fully below.

### Background

Weimer's First Amended Complaint raises claims under the Family and Medical Leave Act of 1993 ("FMLA"), Americans with Disabilities Act ("ADA"), and the New Mexico Human Rights Act. [Doc. No. 13, IPTR, p. 3.] He also asserts state common law claims of breach of contract and breach of the covenant of good faith and fair dealing. [Doc. Nos. 3, 13.] More specifically, Weimer

1

alleges that Defendants discriminated against him on the basis of a perceived disability, including his high blood pressure.

For purposes of this decision, the Court assumes as true facts taken from Weimer's First Amended Complaint and medical reports submitted with the present motion. Weimer worked for Defendant BHP Billiton for approximately 25 years as a heavy machine operator. For over 15 years, Weimer suffered from a variety of medical conditions: hypertension, hyperlipidemia, diabetes mellitus and nonobstructive coronary artery disease. [Doc. No. 27, Ex. G.] On July 30, 2002, he became ill as a result of the dosage of medication prescribed for his high blood pressure and was hospitalized. Weimer's physician certified that he was able to work as of September 19, 2002. Weimer's cardiologist also submitted certification that Weimer's medical condition did not limit his ability to perform his job duties. He alleges that Defendants improperly refused to return him to work because of his high blood pressure.

Defendant BHP Billiton allegedly is a large multinational corporation based out of Australia. [Doc. No. 27, Ex. F.] BHP Billiton operated three coal mines in Northern New Mexico, including the La Plata mine where Weimer worked for 25 years. [Doc. No. 3, ¶ 8.] Defendants argue that their standard procedure prior to allowing an employee to return to work after a serious medical incident requires a medical evaluation of the employee by their company-approved doctor, Frederick Mosley. His November 6, 2002 report states that in the past, Weimer's episodes of high blood pressure had been "essentially overlooked," but in the last year, Weimer reported that when he has one of these episodes, it will "knock me down." Dr. Mosley reported that these incidents "were becoming more frequent and debilitating." Due to these reports, Defendants became concerned about Weimer's ability to operate heavy equipment or to work at elevation. [Doc. No. 27, Ex. D.] Dr. Mosley

ultimately concluded that Weimer was unable to safely perform his duties as a heavy equipment operator and therefore, did not release Weimer to return to his prior position.

Defendants contend that they discussed options with Weimer to return him to work in a different position in a transitional capacity, at the same rate of pay and benefits. However, there are factual disputes regarding these assertions. Defendants generally deny liability as to Weimer's claims but admit that they did not reinstate Weimer to his former position because of safety concerns arising out of his medical condition. [Doc. No. 27, p. 2.]

Weimer's Motion to Compel raises discovery issues concerning several responses and/or objections by Defendants to interrogatories and requests for production.

## **Analysis**

Federal Rule of Civil Procedure 26 governs discovery disputes of this type. That rule provides that parties may discover any matter, "not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. Proc. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b)(1). However, there are limits to what may be discovered. For example, a court can restrict discovery when it determines the requested information is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or where the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(2).

Prior to rule changes in 2000, discovery was more broadly defined in that information was generally discoverable if it was deemed relevant to the "subject matter" of the pending action. After the 2000 rule revisions, discovery was narrowed in scope from "subject matter of the action" to any

"claim or defense of any party." When the requested discovery appears relevant as defined by the current rule, the party resisting discovery bears the burden of demonstrating a lack of relevance. Bryant v. Farmers Ins. Co., Inc., 2002 WL 1796045 at *2 (D. Kan. July 31, 2002). If a party resists discovery on grounds that the requested information is unduly burdensome or overbroad, that party must support it objections, unless the request is overbroad or unduly burdensome on its face. In other words, the resisting party must "show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 213 (D. Kan. 2002). "This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents." Id. Frequently, an objecting party provides the required detail and explanation through an affidavit or other reliable evidence. Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992). It is not sufficient simply to allege that providing the requested discovery would be burdensome or oppressive.

In determining what amount of discovery should be granted, the Court must also be aware that the scope of discovery in employment cases is particularly broad. Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Rich v. Martin Marietta Corp., 522 F.2d 333, 343-44 (10th Cir. 1975). Notwithstanding the general rule that discovery should not be narrowly circumscribed in discrimination cases, the trial court is still given wide discretion in balancing the needs and rights of both parties. *See* Fed. R. Civ. Proc. 26(b)(2); Sonnino v. Univ. of Kansas Hospital Authority, __ F.R.D. __, 2004 WL 741320 at *12 (D. Kan. Mar. 31, 2004). Moreover, discovery in employment discrimination cases may usually be limited to information about employees in the same department or unit, unless the requesting party shows a more particularized need for and

the likely relevance of broader information. Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10, 11 (D. Kan. 1995), *reconsideration denied,* 1995 WL 827998 (D. Kan. Aug. 30, 1995).

## Discussion of Discovery Requests and Objections

### I. *Interrogatory No. 3*

Weimer's Interrogatory No. 3 asked Defendants to "list every employee who suffers from high [blood] pressure and include his/her position at the San Juan, La Plata and Navajo mines." [Doc. No. 26, Ex. 3.] While it appears that Weimer worked only at La Plata mine, he asks for information concerning employees at three mines in Northern New Mexico because he says, relying on deposition testimony, that workers and supervisors were interchangeable in those three mines. [Doc. No. 28, p. 12.]

Defendants objected to this interrogatory on grounds that it was overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. They also objected to Weimer's purported attempt to equate "high blood pressure" to his medical condition, and finally stated that notwithstanding these objections, Defendants did not keep such information "for all employees" and therefore did not know every employee who suffered from high blood pressure.

In subsequent correspondence between the parties, Weimer's attorney stated that in reviewing the files that Defendants had already produced, it appeared that Defendant did retain information regarding employees' blood pressure in employee files. [Doc. No. 26, Ex. 8.] Weimer argued that Defendants were obliged to produce any such information they did have, even though they might not have that information for every employee. [Doc. No. 26, Ex. 3.] Defendants responded by letter stating that some of the requested medical information might exist in specific employees' medical or

5

personnel files and that they would identify those employees seen by Mesa Occupational and Sports Medicine within the past three years. [Doc. No. 26, Ex. 4.]

Subsequent correspondence between the parties reveals that Defendants were hesitating to produce the information they earlier indicated they would produce. "We are still in the process of attempting to identify employees who have seen a health care provider at the company's request. It appears to be only in this circumstance would there be any reflection of an employee's high blood pressure or medications in any file kept by San Juan Coal Company." [Doc. No. 26, Ex. 6.] Defendants further explained that:

> it is possible that these files will include information that is responsive to Interrogator[y] 3 . . . . At this point, however, after reviewing Rule 34 . . ., I do not believe that my client can review the documents to identify individuals with records of high blood pressure or who are currently taking medication any more efficiently that [sic] you can. As a result, our discovery responses will be amended to reflect that we are willing to produce documents kept in the ordinary course of business in response to Interrogator[y] 3 . . . . We will attempt to provide the relevant files; that is, the medical files of individual who have been referred to a health care provider at the Company's request, and make them available for your review in Farmington.
>
> I am also seeking additional information on management's part regarding personal knowledge of individual with high blood pressure or who are on medication. We will provide those names as soon as possible as an amendment to our Interrogatory responses.

[Doc. No. 26, Ex. 6.]

Based on the briefing by parties, it appears that Defendants did not produce the information promised in the above cited correspondence. Indeed, Defendants stated in their response brief that "while [they] initially believed that some compromise could be reached . . ., concerns regarding confidentiality of employees' medical information, weighed against the dubious relevancy of the material sought, have led the parties to the current discovery impasse." Part of the problem with this

position is that Defendants did not raise an objection based on confidentiality in their initial responses to the discovery requests, nor even in subsequent correspondence regarding these discovery disputes. Defendants did, however, raise confidentiality objections in responses to a second set of interrogatories. This second set of interrogatories appears to be Weimer's attempt to expressly request the information Defendants promised in their correspondence regarding disputes as to the first set of interrogatories. [Doc. No. 26, Ex. 12.]

### A. *Confidentiality Objection:*

With respect to Defendants' confidentiality objection to Interrogatory No. 3, the Court finds the objection to be untimely. "Parties must raise their objections to discovery when they answer or respond to such discovery." Mackey v. IBP, Inc., 167 F.R.D. 186, 201 (D. Kan. 1996), *reconsideration overruled by* 1996 WL 417513 (D. Kan. July 22, 1996); Van Deelen v. Shawnee Mission Sch. Dist. #512, 2003 WL 22849185 (D. Kan. Nov. 24, 2003) (deeming objection waived when it was not asserted in defendants' initial response to the discovery request). While Defendants eventually raised this objection in their briefing on the motion to compel and in response to subsequent interrogatories, their objection is too late and is overruled.

Even if Defendants were to have made a timely objection based on confidentiality, the Court would be inclined to reject the objection under the circumstances of this case. Here, Weimer is attempting to demonstrate that he was treated differently from other employees employed by Defendants who had a similar medical condition. Clearly, the requested information could lead to the discovery of admissible evidence if other employees with similar medical conditions were allowed to return to a job like Weimer held. *See* Sonnino, 2004 WL 741320 at *12 ("touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence

7

that is, or even may be, admissible at trial, but rather, whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'") The Court determines here that there is the possibility that the requested information could be relevant to a claim or defense asserted by the parties. *See id.*, 2004 WL 741320 at *11 (finding that the interest of obtaining probative evidence in a disparate treatment case outweighed the interest that would be furthered by recognizing a privilege for medical peer review or risk management materials).

In addition, courts have frequently held that personnel files, where relevant or reasonably calculated to lead to the discovery of admissible evidence, are discoverable. Scott v. Leavenworth Unified Sch. Dist. No. 453, 190 F.R.D. 583, 585-86 (D. Kan. 1999.) Confidentiality does not equate to privilege. Horizon Holdings, 209 F.R.D. at 213. Morever, in this case, Defendants apparently have already produced documents to Weimer revealing medical information of other employees and have not ensured that a protective order is in place as to the exchange of such information. Thus, their confidentiality argument is weakened by their prior disclosures and apparent lack of concern as to the need to have in place a confidentiality order to which the parties have agreed.

The Court also finds unpersuasive Defendants' argument, even if made timely, that the ADA prohibits the requested disclosures. Like the Court in Scott v. Leavenworth, this Court recognizes that the ADA prohibits the disclosure of information about the medical condition/history of an employee when that information is obtained through a medical examination or in response to a medical inquiry under the ADA. Scott, 190 F.R.D. at 586. The Court in Scott reasoned that the ADA was enacted to provide a national mandate for the elimination of discrimination against individuals with disabilities. Id. Thus, disclosure of medical information in a case such as this, where the plaintiff is attempting to demonstrate discrimination based on a disability or medical condition,

would have a similar purpose – to prevent discrimination by employers. Id. This Court finds the reasoning of the District Court of Kansas persuasive and would reject any argument that the ADA protects against the disclosures here.

Notwithstanding the ruling that some of the requested information must be disclosed (as further set forth below), the Court acknowledges that such disclosures, by their nature, are often intrusive and publicize information that was intended to be kept private. The Court does not reach its ruling here lightly, and indeed, will require the parties to agree to an appropriate Confidentiality Order that will be entered forthwith.

### B. *Relevancy and Other Objections:*

Defendants did make timely objections as to relevancy, and they also objected that the interrogatory was overbroad and unduly burdensome. For the reasons stated previously, the Court finds that the interrogatory is tied to the particular claims in the case. Defendants' treatment of other employees in similar situations and with similar medical conditions is probative of whether Defendants may have treated Weimer differently from those other employees for impermissible reasons. The Court makes no determination of whether the requested information will be admissible at trial, or even whether it will reveal similarly situated employees were treated differently. At this stage of the proceeding, the Court simply decides that the requested information is reasonably calculated to lead to the discovery of admissible evidence.

With respect to the objections that the request was overbroad and unduly burdensome, Defendants have not satisfied their burden in demonstrating the validity of those objections. Mackey, 167 F.R.D. at 204. Indeed, Defendant have provided absolutely no evidence or affidavit testimony as to why the request is unduly burdensome. For example, Defendants have not stated how many

9

employee records they would have to examine, nor the time, expense and procedure that would be required to make such an examination of their records. Horizon Holdings, 209 F.R.D. at 213. Moreover, Defendants supply no argument as to what aspects of the request are overbroad, e.g., time period, geographic scope. Because Defendants fail to provide the required detail in order for the Court to assess the validity of their objections, those objections are overruled.

Notwithstanding this decision, the Court will restrict the requested information. Defendants shall produce to Weimer within twenty days after entry of this Order the following information:

(1) names of employees who work at the San Juan, La Plata and Navajo mines[1] about whom Defendants know suffer from high blood pressure (either by way of personal knowledge or through personnel, business and/or medical records), who work in positions that raise safety concerns;

(2) names of employees referred by Defendants to a health care provider or to their company-designated physician or who were seen by Mesa Occupational and Sports Medicine as a result of concerns regarding high blood pressure;

(3) for a period of three years[2] prior to the filing of Plaintiff's lawsuit.

The Court declines to permit Defendants to produce documents in accordance with Rule 33(d), as opposed to a narrative answer. Under these circumstances, the Court is not convinced that the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as it is for Defendants or that Defendants have previously specified the records that contained the information.

---

[1]While the Court might have been inclined to restrict the request to the mine at which Weimer was employed, the Court is unable to determine whether the request for information as to the three mines is overbroad or unduly burdensome.

[2]It appears, based on attached correspondence between the parties, that they already agreed to a time period of three years. Thus, they should proceed under the terms of that agreement.

Fed. R. Civ. Proc. 33(d). *See* SEC v. Elfindepan, 206 F.R.D. 574, 576 (M.D. N.C. 2002) (producing party must specify for each interrogatory the actual documents where the information responsive to the request will be found; document "dumps" are not sufficient answers). Certainly, the Court does not have enough information to make this determination. Thus, the Court directs Defendants to provide the information in narrative form.[3]

## II.  *Interrogatory No. 5*

Weimer's Interrogatory No. 5 asked Defendants to "list every incident or accident at the La Plata and San Juan mines that involved an employee with a medical condition or taking medication over the last ten years. Please include the employee's name, position at the time, identify which mine, and provide a brief description of the accident." [Doc. No. 26, Ex. 1.] Defendants objected on grounds that the request was not relevant, and that the request was vague and overbroad. Defendants agreed, however to provide event reports for the last six years from which portions of the information could be obtained. According to Weimer, he was provided with boxes of undifferentiated documents to review that he states were not responsive and that omitted critical information.

Defendants' responsive brief does not directly address this interrogatory and answer other than to argue generally that the information is not relevant, should be protected on grounds of privacy or confidentiality and may already have been provided in previous productions. The Court again determines, for the reasons stated above, that Defendants' confidentiality objection is untimely and probably would not be upheld in any event. In addition, the Court concludes that the requested information is relevant for essentially the same reasons as were articulated above. Finally, the Court

---

[3]Defendants are not required to produce information they do not have. Thus, to the extent that they have no records or information that are responsive to the interrogatory, they are not required to generate the requested information.

does not permit Defendants to produce documents in accordance with Rule 33(d) and will require Defendants to provide a narrative response within twenty days after this Order is entered.

The Court does, however, find that the term "incident" is vague on its face and that the term "medication" is also overbroad and/or vague on its face. Thus, the Court limits the request as follows:

(1) list every accident at the two mines that involved a medical condition similar to that of Weimer for employees working in similar positions implicating safety concerns;

(2) for a period of three years prior to Plaintiff filing his lawsuit.

### III.     *Interrogatory No. 10*

Weimer's Interrogatory No. 10 asks Defendants to "list every accident that occurred at the La Plata, San Juan and Navajo mines that caused bodily injury or damage to property exceeding $20,000 in the last six years." Defendants objected on grounds that the interrogatory was overbroad, unduly burdensome and not relevant. Defendants also objected to the use of the term "bodily injury" as vague, but agreed to produce a number of reports for a five year period, subject to the objections.

Weimer argues that Defendant produced "an undifferentiated mass of boxed documents," most of which were not responsive to the inquiry.

The Court concludes that the interrogatory is overbroad to the extent that it is not linked to accidents caused by employees with medical conditions similar to those of Weimer. However, in essence, such a request would be duplicative of Interrogatory No. 5. Thus, the Court determines here that no further response is necessary. The Court sustains Defendants' objection.

## IV. Request for Production

It appears that any issues concerning Request for Production Nos. 2 and 4 have been resolved. Thus, the Court does not address these discovery requests.

## V. Second Set of Interrogatories and Requests for Production

Plaintiffs argue that their second short set of interrogatories and requests for production generated no information and instead, only objections. In the briefing of this motion, it does not appear that Defendants responded specifically to arguments raised regarding these interrogatories and document requests, other than to generally argue that the requested information is confidential, not relevant, unduly burdensome, etc. [Doc. No. 26, Exs. 12 and 13.]

Interrogatory Nos. 1, 2, 3 and 5 (second set of interrogatories) appear to duplicate the information already requested by Weimer in the first set of interrogatories and subsequent correspondence regarding those requests. The Court already has directed Defendants to produce the requested information. In addition, the Court directs Defendants to produce a list of all employees with blood pressure over 140/90 and who are employed in similar positions as Weimer in the San Juan, La Plata and Navajo mines, for a three year period of time, for whom the employer has records. *See* Interrogatory No. 5, Second Set of Interrogatories. [Doc. No. 26, Ex. 12.] As before, if the information does not appear in the employee's personnel or medical file, Defendants are not required to obtain the information from the employee or any other source.

Interrogatory No. 4 asks Defendants to list the employees who have had seizures while on the job during the last five year period of time. Defendants objected on grounds that the request seeks information that is not relevant, is overbroad, unduly burdensome, and confidential. The Court concludes that the request could be relevant if narrowed to a request for names of employees who

13

had seizures related to hypertension or blood pressure, who were employed in similar positions as Weimer in the San Juan, La Plata and Navajo mines, for a three-year period of time. Defendants again fail to satisfy their burden in providing specific evidence as to why a response to this interrogatory would be unduly burdensome and/or why the request is overbroad. Moreover, while the confidentiality objection here is timely, the Court overrules the objection for reasons stated *supra*. Therefore, the Court directs Defendants to produce the information as limited. As before, if this information is available from the employer's records and the employee's personnel and medical files, it should be produced. Defendants, however, are not required to compile or obtain this information from its employees or any other source.

Weimer's second set of document requests consists of two requests – the complete personnel files, including medical files, of employees whom Defendants identified in their responses to Weimer's second set of interrogatories and the personnel files for a list of seven current and former employees identified by Weimer. Defendants again responded with the same blanket objections they previously asserted, without supplying any specific detailed reasons to support those objections. The Court overrules these objections for substantially the same reasons as discussed *supra* in this decision. Defendants simply have failed to substantiate their objections. The personnel files shall be produced after the confidentiality order previously mentioned has been executed.

### VI.     *Other Discovery Matters*

It is not clear from the briefing whether the parties sought other rulings from the Court about additional discovery disputes. Therefore, the Court has ruled on only those specific discovery issues identified in Weimer's brief in support of the Motion to Compel. Furthermore, in Weimer's reply,

he concedes that his previous objection concerning Defendants' failure to provide a privilege log has been resolved.

Weimer's brief also contained arguments that he objected to the scope of Defendants' discovery regarding Weimer's medical condition and records. Yet, Weimer's Motion to Compel is not the place to raise such arguments and the Court does not address them here.

### VII. *Expenses and Sanctions*

Rule 37(a)(4) provides that if a motion to compel is granted in part and denied in part, the Court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner. Fed. R. Civ. Proc. 37(a)(4)(C). Here, the Court denies Weimer's request to assess fees and sanctions against Defendants.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion to Compel [Doc. No. 25] is granted in part and denied in part as described herein;

(2) Defendants must produce the requested information, as described in the body of this decision, within twenty days after entry of this Order;

(3) the parties must provide a proposed Confidentiality Order to the Court no later than twenty days after entry of this Order; and

(4) Plaintiff's request for sanctions and/or fees is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge